IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

T. TERELL BRYAN,                                    CV. 10-882-ST

        Plaintiff,                    ORDER TO DISMISS

  v.

RUSSELL CAMPBELL, DIANE S.
HOEHING, DEFENSE TECHNOLOGY
U.S., U.S. ATTORNEY,

        Defendants.

KING, District Judge.

    Plaintiff, a prisoner in South Carolina, moves to proceed *in forma pauperis* (dockets #16 & #19) in this civil rights action wherein he alleges that in August 2008 while incarcerated in South Carolina, correctional officers sprayed him with mace, and the medical staff denied him proper medical treatment. It has come to the court's attention that plaintiff has filed several other cases in different jurisdictions arising out of the same acts and

1 - ORDER TO DISMISS

omissions he describes in his Complaint in this case.[1] Plaintiff has no right to have multiple *in forma pauperis* actions pending arising out of the same nucleus of facts. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). Accordingly, the court denies plaintiff continuing *in forma pauperis* status.

Moreover, pursuant to 28 U.S.C. § 1915A(a), the court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir.1995);. *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir.1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). "[I]n assessing

---

[1] *Bryan v. Russell Campbell, et al.*, 3:10-cv-641-J-99MMH-TEM (filed in the Middle District of Florida and transferred to the District of South Carolina); *Bryan v. Defense Technology U.S., et al.*, 2:10-cv-00152-ABJ (filed in the District of Wyoming and transferred to the District of South Carolina); *Bryan v. Defense Technology, et al.*, 3:10-cv-01771W-BGS (filed in San Diego County Superior Court and removed to the Southern District of California); *Bryan v. Defense Technology U.S., et al.*, 2:10-cv-02241-MCE-GGH (filed in the Sacramento County Superior Court and removed to the Eastern District of California); *Bryan v. Defense Technology U.S., et al.*, 2:10-cv-01601-RCB-JRI (filed in the District of Arizona); and *Bryan v. Defense Technology U.S., et al.*, 2:10-cv-5980-AG (JEM) (filed in the Central District of California).

2 - ORDER TO DISMISS

whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007); *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (a suit is duplicative of another "if the claims, parties, and available relief do not significantly differ between the two actions.").

The court takes judicial notice of the fact that plaintiff has multiple actions pending in which he raises the same claims against the same parties and their privies named in this lawsuit.[2] Because this case is duplicative of those other actions, it is dismissed for frivolity.

## CONCLUSION

The court DENIES plaintiff's Applications to Proceed *In Forma Pauperis* (dockets #16 & #19), thereby denying him continuing *in forma pauperis* status. Plaintiff's Complaint (docket #1, Att. 1) is summarily DISMISSED on the basis that it is duplicative of several other actions and, therefore, frivolous.

///

///

---

[2] Even if plaintiff's Complaint was not frivolous, he would not be entitled to proceed in the District of Oregon for reasons related to venue and personal jurisdiction over the defendants.

    Defendant U.S. Attorney's Motion to Dismiss (docket #5), plaintiff's Motion to Compel (docket #13), and plaintiff's Motion for Summary Judgment (#18) are DENIED AS MOOT.

    IT IS SO ORDERED.

    DATED this   3rd   day of November, 2010.

                               /s/ Garr M. King
                                  Garr M. King
                                  United States District Judge